UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:08-cr-00964 |
| | ) | |
| -vs- | ) | |
| | ) | |
| DANIEL RAY BUIE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter now comes before the Court on Defendant Daniel Ray Buie's Pro Se Motion to Dismiss filed on June 19, 2014. (Doc. #200). Defendant pleaded guilty on September 2, 2009, to two counts: (1) Possession With Intent to Distribute and to Distribute 5 Grams or More of Cocaine Base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851, and (2) Using and Carrying a Firearm During and In Relation To and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. §§ 924(c)(1)(A). (Doc. #77). Based on his prior convictions and pursuant to U.S.S.G. §§ 2K2.4(c), 4B1.1(a), and 4B1.1(c)(2)(A), Defendant was classified as a career offender for sentencing purposes. (Doc. #106). On June 29, 2010, the Court sentenced Defendant to 192 months in prison. (Doc. #108). The Defendant's sentence was reduced to 160 months pursuant to Rule 35(b) on February 26, 2013. (Doc. #174).

      In his Motion to Dismiss, Defendant seeks relief pursuant to <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). <u>Alleyne</u> requires the Government to prove as an element any fact that, by law, increases the penalty for a crime. <u>Id.</u> at 2156. In this matter, the Defendant asserts that the "Government failed to prove that [a] firearm was actively employed, used or even brandished…" in relation to his drug conviction. (Doc. #200). Defendant believes this alleged failure presents an <u>Alleyne</u> issue and thus, he asks the Court to dismiss the indictment in his case.

However, Alleyne offers Defendant no relief. As an initial matter, Defendant was sentenced June, 2010, and Alleyne, which was decided on June 17, 2013, has not been made retroactive on collateral appeal. See Bostic v. United States, 4:13-CV-02134-TLW, 2014 WL 172506 (D.S.C. Jan. 15, 2014). The Government did not object to the guideline calculation to assert that the firearm was brandished, and Probation calculated a 60 month guideline increase based on using and carrying the firearm, not brandishing it. (See Doc. #106). As well, the Defendant was sentenced as a career offender under § 4B1.1(a) with the final guideline range being calculated pursuant to 4B1.1(c)(2)(A). (See ¶¶ 61-71 of the presentence report; Doc. #106). Additionally, the indictment does not reflect that brandishing was alleged nor does the presentence report reflect brandishing was a component of the guideline calculations. Thus, because neither brandishing nor any other factor was used to increase the applicable mandatory minimum in this case, the case involves no Alleyne issue and Defendant's motion is without merit.

Accordingly, after careful consideration of the record and relevant authority, Defendant's Motion to Dismiss is hereby **DENIED**.

**IT IS SO ORDERED.**

                                                            s/Terry L. Wooten
                                                            Chief United States District Judge

Columbia, South Carolina
September 29, 2014