UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:08-cr-00964 |
| | ) | |
| -vs- | ) | |
| | ) | |
| DANIEL RAY BUIE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER**

This matter now comes before the Court on Defendant Daniel Ray Buie's motion filed on May 26, 2015, in which Defendant asks the court to compel the Government to grant a three-level departure for Defendant's acceptance of responsibility. (ECF No. 204). The Government has responded and opposes this motion. (ECF No. 205).

The record reflects that Defendant has already received credit for acceptance of responsibility. (ECF Nos. 106, 109, 205). Specifically, based on Defendant's acceptance, his total offense level at his initial sentencing was 34, rather than 37. (ECF No. 106 at ¶ 71). His resulting guideline range was 322-387 months pursuant to the applicable statutory minimum sentence. (Id.). Absent credit for acceptance of responsibility, Defendant would have faced a guideline range of 360-life. The Court also notes for the record that Defendant was sentenced to 192 months based on the Government's § 5K1.1 downward departure motion, (see ECF Nos. 105, 109), and later to 160 months pursuant to the Government's Rule 35(b) motion, (see ECF No. 174).

Because Defendant has already received the credit he seeks in his motion to compel, the motion for an additional reduction is without merit and is **DENIED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Chief United States District Judge

June 3, 2015  
Columbia, South Carolina