IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Daniel Ray Buie, | Crim. No. 4:08-cr-00964-TLW-1 |
| PETITIONER | C/A No. 4:15-cv-04623-TLW |
| v. | **Order** |
| United States of America, | |
| RESPONDENT | |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Daniel Ray Buie. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug charge and a § 924(c) charge. He was sentenced as a career offender to 132 months on the drug charge and 60 months consecutive on the gun charge.[1] He filed a direct appeal, and the Fourth Circuit affirmed on April 5, 2011. *United States v. Buie*, 421 F. App'x 281 (4th Cir. 2011). He did not file a petition for certiorari. On July 3, 2012,[2] he filed a § 2255 petition asserting various grounds for relief. ECF No. 140. At a Rule 35(b) hearing on February 14, 2013, his counsel moved to withdraw the § 2255 petition with the consent of Petitioner, and the Court granted the motion. *See* Hearing Tr. 2:6–3:8 (Feb. 14, 2013); ECF No. 171.

---

[1] His sentence was subsequently reduced as a result of a Rule 35(b) motion to 100 months on the drug charge and 60 months consecutive on the gun charge. ECF No. 174.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

On September 9, 2015,[3] Petitioner filed a motion entitled "Cause Motion to Re-Instate or Other Appropriate Remedy," in which he again challenged his conviction and sentence on various grounds. ECF No. 210. The Court issued an order stating that if he intended to seek relief pursuant to § 2255, then, as required by Local Rule 83.VIII.03, he needed to file his petition on the appropriate forms, and he then did so. ECF Nos. 212, 214.

In the petition, Petitioner argues that he is entitled to relief on four grounds: (1) evidence supporting his conviction was illegally seized; (2) his plea was not knowing and voluntary; (3) this Court erred in not granting his motion to suppress, or dismiss or amend Count 1 of the indictment (the drug count to which he ultimately pled guilty); and (4) his counsel was ineffective. The Government filed a motion to dismiss, ECF No. 218, asserting that the petition should be dismissed as untimely, and he filed a response in opposition, ECF No. 222.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III.     Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.     Discussion

### A.     Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely.

3

The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

1. *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). His one-year statute of limitations began to run on July 5, 2011, the date his time expired to file a petition for a writ of certiorari from the Supreme Court.[4] Thus, under § 2255(f)(1), he had one year—until July 5, 2012—in which to file his petition. However, he did not file his petition until September 5, 2015—more than three years late. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).[5]

---

[4] Rule 13(1) of the Rules of the Supreme Court gives a defendant 90 days from the entry of judgment in the Court of Appeals to file a petition for a writ of certiorari.

[5] The fact that he previously filed a § 2255 petition is irrelevant, as that petition has been dismissed and he has not set forth a sufficient basis to support reopening that petition. It is noteworthy that, while he implies that his prior petition was dismissed without his consent, *see* ECF No. 222 at 1, there is no indication in the record that he ever questioned its dismissal in the three years between its dismissal and his recent motion to reinstate it.

2.   *§ 2255(f)(2)–(4)*

The Court does not find that any triggering date set forth in § 2255(f)(2)–(4) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition, that any right newly recognized by the Supreme Court applies to his case, or that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2)–(4).

B.   **Equitable Tolling**

Petitioner argues that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness based on his unsupported insinuation that his counsel dismissed his prior petition without his consent.

Though AEDPA's one-year statute of limitations is subject to equitable tolling, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . [A]ny resort to equity must be reserved for those rare instances where—*due to circumstances external to the party's own conduct*—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (emphasis added). There are generally two situations where equitable tolling could apply to a § 2255 motion: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the Government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Id.*

5

Neither of these situations is applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 motion. To the extent he alleges that his counsel allegedly dismissing his prior petition without his consent is an extraordinary circumstance beyond his control that prevented him from filing his motion within the statute of limitations, the Court is not persuaded that this argument is sufficient to warrant ignoring the limitations imposed by AEDPA, as he had ample opportunity to contest the dismissal, if he had truly wanted to do so. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

## V.  Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 218, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 214, and his motion to reinstate, ECF No. 210, are **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 11, 2016
Columbia, South Carolina