IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Daniel Ray Buie, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:08-cr-00964-TLW-1 <br> C/A No. 4:12-cv-01886-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of Petitioner Daniel Ray Buie's pro se motion for relief pursuant to Rules 60(b) and (d) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is denied.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug charge and a § 924(c) charge. He was sentenced as a career offender to 132 months on the drug charge and 60 months consecutive on the gun charge. He filed a direct appeal, and the Fourth Circuit affirmed on April 5, 2011. *United States v. Buie*, 421 F. App'x 281 (4th Cir. 2011).

On July 3, 2012, Petitioner timely filed a § 2255 petition asserting various grounds for relief. ECF No. 140. But at a Rule 35(b) hearing, his counsel moved to withdraw the § 2255 petition, assertedly with Petitioner's consent, and the Court granted the motion. *See* ECF No. 171; Hearing Tr. 2:6–3:8 (Feb. 14, 2013), ECF No. 181. The Court granted the Government's Rule 35(b) motion and reduced his sentence to 100 months on the drug charge and 60 months consecutive on the gun charge. ECF No. 174. He filed a direct appeal, and the Fourth Circuit affirmed on January 27, 2014. *United States v. Buie*, 552 F. App'x 275 (4th Cir. 2014).

On September 9, 2015, Petitioner filed a motion entitled "Cause Motion to Re-Instate or Other Appropriate Remedy," in which he again challenged his conviction and sentence on various grounds. ECF No. 210. The Court issued an order stating that if he intended to seek relief pursuant to § 2255, then, as required by Local Rule 83.VIII.03, he needed to file his petition on the appropriate forms. ECF No. 212. He then did so. ECF No. 214. In the petition, he argued that he was entitled to relief on several grounds. After briefing, ECF Nos. 218, 222, the Court dismissed the petition as untimely on October 11, 2016,[1] ECF No. 229. He did not file a direct appeal.[2]

On October 2, 2017, over four-and-a-half years after the Rule 35(b) hearing during which the Court granted Petitioner's counsel's motion to withdraw the initial § 2255 petition, he filed the instant motion under Rules 60(b) and (d), asking the Court to vacate its order granting the oral motion to withdraw that petition. The basis of his motion is that counsel did not have his consent to withdraw the petition. *See* ECF No. 241 at 3.

## II.     Rule 60(b)

Rule 60(b) provides as follows:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] Because his initial § 2255 petition was dismissed without prejudice at the Rule 35(b) hearing, this petition was not a successive petition subject to dismissal under § 2255(h).

[2] Though he did not file a direct appeal as to the denial of his § 2255 petition, more than five months after that denial, he filed a second notice of appeal regarding his initial judgment, which the Court had entered in July 2010. *See* ECF No. 232. The Fourth Circuit, having previously affirmed the judgment, dismissed the appeal as duplicative and untimely. *United States v. Buie*, 693 F. App'x 252 (4th Cir. 2017).

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable). That was clearly not done here, as Petitioner filed this Rule 60(b) motion over four-and-a-half years after his initial § 2255 petition was withdrawn. Accordingly, he is not entitled to relief under Rule 60(b).

## III. Rule 60(d)

Rule 60(d) provides as follows:

Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment,

3

     order, or proceeding;

  (2)  grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

  (3)  set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Petitioner does not specify, but he appears to be bringing this motion under Rule 60(d)(3), based on his assertion that counsel's withdrawal of the motion constituted a fraud on the court.

  Rule 60(d)(3) is not subject to the same time limitations as Rule 60(b) motions. However, for that reason, that provision is to be construed narrowly in order to avoid "overwhelm[ing] the specific provision of 60(b)(3) and its time limitation and thereby subvert the balance of equities contained in the Rule." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir. 1982).

> Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted.

*Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (citation omitted). "'[F]raud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal*, 675 F.2d at 1356. This case presents no such egregious facts.

  As an initial matter, two different attorneys who represented Petitioner on the Government's Rule 35(b) motion said that he told them he wanted to withdraw his § 2255 petition.

4

Rose Mary Parham, who was originally appointed to represent him,[3] filed a motion to withdraw the petition prior to the Rule 35(b) hearing, stating that "[d]uring a recent phone conversation with [Petitioner], [he] expressed his desire for the undersigned to file this motion to dismiss on his behalf." ECF No. 156. Then, at the Rule 35(b) hearing, M.W. Cockrell, who had been appointed to replace Ms. Parham, represented that he had spoken with Petitioner and that Petitioner intended to withdraw the motion. Hearing Tr. 2:6–3:3 (Feb. 14, 2013). Mr. Cockrell also placed into the record a letter he had written to Petitioner about a month prior that said, in relevant part, as follows:

> As we discussed, you are eligible for a downward departure; the government is willing to do so, however, your *pro se* motion (2255) is holding up this departure. As discussed, you explained that you are willing to withdraw this motion. If this is correct, we likely will have your hearing in February. If this is not correct, please write me immediately so we can prepare accordingly.

ECF No. 171. There is no indication in the record that Petitioner responded to this letter. Accordingly, he has not set forth a plausible claim of fraud on the court and his motion should be denied on that basis.

In addition, Petitioner has not set forth any valid excuse for his lengthy delay in filing this motion. In fact, in the affidavit he filed with this motion, he said that he was told about a week after his Rule 35(b) hearing that his § 2255 petition had been withdrawn. ECF No. 241-1 at ¶ 6. His Rule 35(b) hearing was held on February 14, 2013 and the Fourth Circuit affirmed on January 27, 2014. Yet he did not file a motion regarding his petition until September 2015—more than two-and-half years after he acknowledges being informed about his petition being withdrawn. Accordingly, in addition to not being entitled to relief on the merits of his Rule 60(d)(3) claim, his lack of diligence in pursuing his claim is another basis to deny his motion.

---

[3] She was taken off the case after informing the Court about a potential conflict of interest. *See* ECF No. 157.

## IV. Conclusion

For the reasons set forth above, Petitioner's Motion for Relief from Judgment, ECF No. 241, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 10, 2018
Columbia, South Carolina