IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Daniel Ray Buie | Crim. No. 4:08-cr-00964-TLW-1<br><br>**Order** |

Before the Court is Defendant Daniel Ray Buie's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 to the sentencing guidelines. He previously filed a motion for a sentence reduction under Amendment 782, which was denied, and then a motion to reconsider that ruling, which was also denied. ECF Nos. 221, 223, 225, 227. His prior motion for a sentence reduction and the motion to reconsider were denied because he was sentenced as a career offender, and thus the Chapter Four enhancements overrode the Chapter Two calculations.

In this motion, Defendant argues that he was not, in fact, sentenced as a career offender, apparently because he received a downward departure at sentencing pursuant to § 5K1.1. There is no merit to this contention. As reflected in the PSR, had he not been a career offender, his guideline range on the drug count would have been 130 to 162 months (27/VI). *See* PSR ¶¶ 66, 68–70. However, because he was sentenced as a career offender, his guideline range on the drug count was 262 to 327 months (34/VI). *See* PSR ¶ 70. The fact that the Court combined that guideline range with the mandatory 60-month consecutive sentence on the § 924(c) count for purposes of granting an appropriate § 5K1.1 departure does not mean that he was not sentenced as a career offender. There is no merit to his argument. Accordingly, his motion for a sentence reduction, ECF No. 242, is **DENIED**.

**IT IS SO ORDERED**.

                                           *s/ Terry L. Wooten*
                                           Terry L. Wooten
                                           Chief United States District Judge

May 10, 2018
Columbia, South Carolina