IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:08-cr-00964-TLW-1 |
|---|---|
| v. | **Order** |
| Daniel Ray Buie | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant was convicted at trial of two counts: Possession With Intent to Distribute and to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 1); and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count 3). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing ranges were 10 years-to-Life, followed by at least 8 years of supervised release (Count 1); and 5 years-to-Life consecutive, followed by up to 5 years of supervised release (Count 3). PSR ¶¶ 99, 105.

At sentencing, Defendant was held accountable for 97.39 grams of crack. PSR ¶ 27. He was classified as a career offender based on multiple prior drug convictions. PSR ¶¶ 36, 42, 46, 51, 67. His Guidelines range—after taking into account his career offender designation and his § 924(c) conviction—was 322–387 months, followed by 8

1

years of supervised release. PSR ¶¶ 71, 100. The Court granted the Government's motion for a downward departure and departed six levels to a Guidelines range of 168–210 months (30/VI),[1] and ultimately imposed a sentence of 192 months incarceration (132 months on Count 1 and 60 months consecutive on Count 3), followed by an 8-year term of supervised release (8 years on Count 1 and 5 years concurrent on Count 3). ECF No. 108. The Court later granted an additional two-level reduction (140–175 months (28/VI)) pursuant to the Government's Rule 35(b) motion and reduced his sentence to 160 months incarceration (100 months on Count 1 and 60 months consecutive on Count 3). ECF No. 174.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(B)(iii) by increasing the threshold amounts of crack from 5 grams to 28 grams.

The Government takes the position that Defendant is not eligible for relief

---

[1] His initial Guidelines range of 322–387 under § 4B1.1(c)(2)(A) roughly corresponded to a Guidelines range on the sentencing table of 324–405 months (36/VI).

2

under the First Step Act because the crack weight for which he was held accountable at sentencing—97.39 grams—exceeds the current § 841(b)(1)(B)(iii) threshold of 28 grams. The Government asserts that if the Fair Sentencing Act had been in effect when he committed the offense of conviction, the Government would have charged the current § 841(b)(1)(B)(iii) threshold amount. *See* ECF No. 253 at 4–5. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act.

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government argues that even if the Court concludes that he is eligible for relief, the Court should exercise its discretion to not reduce his sentence because the Government would have charged him with the current threshold amount if the Fair Sentencing Act had been in place when he committed the offense of conviction. *See* ECF No. 253 at 6. Notably, *Wirsing* did not address whether that

3

particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (97.39 grams) that would have supported a charge to the current threshold amount (28 grams); (2) he has a lengthy, serious criminal history, including convictions for housebreaking, robbery, pointing a firearm, criminal domestic violence, assault, drug possession, and drug distribution; (3) he remains a career offender; and (4) he would still be a career offender under current law. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 251, is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 11, 2019
Columbia, South Carolina

4